UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| In re: | : |
| | : |
| MICROFIBRES, INC. | :    Bk. No. 16-10154 |
| | :    Chapter 7 |
| | : |

### CHAPTER 7 TRUSTEE'S LIMITED OBJECTION TO EMERGENCY MOTION OF HOPE BILLINGS McCULLOCH FOR PRELIMINARY AND PERMANENT RELIEF FROM THE AUTOMATIC STAY

Joseph M. DiOrio, the Chapter 7 trustee (the "Trustee") in the above-captioned case, files this Limited Objection to the Emergency Motion of Hope Billings McCulloch for relief from the automatic stay to permit a Family Court divorce proceeding between Ms. McCulloch and her husband, James R. McCulloch, to proceed to trial as scheduled on February 8, 2016. The Trustee has not investigated the divorce proceedings, or participated therein. The Trustee's objects to the Emergency Motion on the following limited basis:

1.  The Trustee understands that Mr. McCulloch owns 100% of the shares of the Debtor, and that those shares are the subject of a valuation dispute in a longstanding divorce proceeding between Mr. McCulloch and Ms. McCulloch.

2.  The Trustee further understands that the Rhode Island Supreme Court issued a decision in the divorce proceeding that mandates the Family Court to make a determination of the value of the shares "as of the date of that trial\*\*\*." *Emergency Motion, Ex H.*

3.  The Trustee understands that the parties' experts may have made certain determinations of the value of the shares as of December 31, 2014 based on an assumption that the trial would occur shortly thereafter.

4. The Trustee understands that there may be a dispute between the McCullochs as to the required date of the valuation.

5. The Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code on January 29, 2016.

6. Given the Chapter 7 filing, it is likely that the value of the shares at or around December 31, 2014 will differ significantly from the value of the shares as of February 8, 2016, the projected date the valuation trial will commence.

7. The Trustee does not wish to interject the Debtor into the Family Court's proceeding, and takes no position with regard to the stay provided the concerns described below are addressed.

8. The Trustee is concerned that any determination of the value of the shares in the Family Court proceeding - no matter when that may occur, and no matter what the date of valuation may be - must not have any precedential value in this Chapter 7 proceeding.

9. To be clear, the Trustee contends that any Family Court valuation should not have any precedential or binding impact on the value of the assets of the Debtor in this Chapter 7 proceeding by reason of *res judicata*, collateral estoppel, or on any other basis, and the determination of the value of the Debtor's assets must only be determined for purposes of this Chapter 7 proceeding in accordance with the procedures applicable to such proceedings under the United States Bankruptcy Code.

10. This Court has the exclusive jurisdiction to determine valuation of the Debtor's assets for purposes of this bankruptcy. The Trustee in this very complicated case cannot be affected by anything that happens in the divorce proceeding.

11. If the Court grants relief from stay, or otherwise determines that relief is not required, the Trustee respectfully requests that this Court condition its order such that any determination of the value of the shares in the Family Court matter may not be used in this Chapter 7 proceeding for any purpose, including to contend that the Debtor's assets have a value other than what the assets bring in this Chapter 7 proceeding or as otherwise determined by this Court. The Trustee further requests that any proposed sale or valuation of the Debtor's assets in this proceeding, and any objection thereto, be resolved by this Court based on independent evidence presented to this Court with the Trustee having an opportunity to be heard.

WHEREFORE, the Trustee respectfully requests that, if the Court grants relief from stay, or otherwise determines that relief is not required, the Court order that no party, including the McCullochs, may seek to introduce into this Chapter 7 proceeding any determination of the value of the shares in the Family Court matter, and that any value determined by the Family Court shall have no precedential or binding import herein, and may not be used in this Chapter 7 proceeding for any purpose, including to contend that the Debtor's assets have a value other than what the assets bring in this Chapter 7 proceeding or as otherwise determined by this Court. The Trustee also requests such other and further relief as may be just and proper.

>Respectfully Submitted:
>JOSEPH M. DIORIO, Chapter 7 Trustee
>By his Attorneys,
>
>/s/ *Gardner H. Palmer, Jr.*
>Gardner H. Palmer, Jr.  (#3707)
>DiOrio Law Office
>144 Westminster Street, Suite 302
>Providence, RI 02903
>Phone: 401-632-0911
>Fax:  401-632-0751
>Email: ghpalmer@dioriolaw.com

Date: February 3, 2016

3

# **CERTIFICATE OF SERVICE**

   I hereby certify that on February 3, 2016, I electronically filed the foregoing Limited Objection of the Chapter 7 Trustee to the Emergency Motion for Relief from Stay in the above-captioned matter with the Clerk of the Bankruptcy Court for the District of Rhode Island using the CM/ECF system. The following participants received notice electronically:

Gary L. Donohue, Esq.
Jennifer V. Doran, Esq.
Jeffrey K. Techentin, Esq.
Kyle Zambarano, Esq.

   I hereby certify that on February 3, 2016, I served the foregoing Limited Objection on Bruce W. Gladstone, Esq., counsel for Webster Bank, N.A., by electronic mail at bgladstone@cm-law.com; and by electronic mail to Lauren E. Jones, Esq. at ljones@appeallaw.com, Edward L. Gerstein, Esq. at elg@zomolo.com, and Caroline R. Barone, Esq. at crb@kirshenbaumlaw.com, counsel for James R. McCulloch, and by electronic mail to Paul F. O'Donnell at podonnell@haslaw.com, counsel for the Debtor.

                     /s/ *Gardner H. Palmer, Jr.*