UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

In re:
    MICROFIBRES, INC.                                Chapter 7
    Debtors                                              Bk. No. 16-10154

## LIMITED OBJECTION TO MOTION TO EXTEND TIME

Now comes, James McCulloch ("JM"), in his capacity as the Limited Partner ("LP") of Microfibres Partnership, Ltd. ("MPL"), by and through his attorney, Peter J. Furness, Esq., and hereby objects to the Motion to Extend Time ("Motion") (Doc. 436) filed by the Chapter 7 Trustee, Joseph DiOrio ("Movant" or "Trustee"). In support hereof, LP states the following:

1. Microfibres, Inc. ("Debtor") filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code on January 29, 2016 (the "Petition Date"), and on that date, the United States Trustee appointed Joseph M. DiOrio to act as the Chapter 7 Trustee ("Trustee").

2. For many years prior to the Petition Date the Debtor operated a large manufacturing operation including a manufacturing plant, offices, dye house and maintained a warehouse all located in Winston-Salem, North Carolina.

3. The Winston-Salem facilities are comprised of several buildings (not all owned by the Debtor) totaling 473,000 square feet located on approximately 25 acres of land ("NC Properties")

4. One of the buildings within the NC Properties is a certain approximately 219,950 square foot building, with improvements, located at 3811 Kimwell Drive, Winston-Salem, NC, which is owned by MPL (the "MPL Property").

5. The MPL Property is physically connected to the Debtor's NC Properties.

6. MPL is a North Carolina Limited Partnership comprised of the Debtor as General Partner, with a 10% interest, and JM, the Debtor's sole shareholder, as LP with a 90% interest.

7. The MPL Property is, and was, the main manufacturing plant for the Debtor's North Carolina operations.

8. The Trustee has continued to use and occupy the MPL Property post petition to the present date.

9. For over 25 years MPL leased the MPL Property to the Debtor pursuant to that certain lease dated 2/1/87 between MPL and the Debtor (the "Lease") which Lease's term expired on 1/1/12. The Debtor has continued to use and has remained in possession of the MPL Property continuously from 1987 through the present date.

10. Under North Carolina law, the Lease is presently a month to month tenancy pursuant to all other the terms and conditions of the Lease, as those terms are more fully set forth within the Lease.

11. The Lease is a traditional triple net lease with Debtor obligated to pay all operating costs and expenses, plus Section 3.02 of the Lease requires the tenant's payment of an additional cash component, which additional amount was specifically based upon the debt service monthly payment owed by MPL on the MPL Property to its Lender.

12. The total monthly obligation that was previously paid by Debtor to MPL under the Lease totaled approximately $28,000.

13. The Lease is an asset of the Debtor's Estate.

14. The Trustee previously filed a serious of motions to extend the time for the Trustee to assume or reject the Lease and the MPL Partnership Agreement (hereinafter the "Agreements"), which motions were granted pursuant to Orders of this Court extending the deadline for the Trustee to assume or reject the Agreements through October 31, 2016 [Doc.396].

15. In the present Motion before the Court the Trustee now seeks to further extend the deadline to assume or reject the Agreements through January 13, 2017.

16. The Court may extend the deadline to assume or reject an executory contract or unexpired lease of nonresidential real property or personal property for cause, upon motion made before the expiration of the 60 day period, or such period as extended by order of the Court, here October 31, 2016.  11 U.S.C. §365(d)(1).

17. The Trustee argues in his Motion that "good cause" exists to further extend the date to assume or reject the Agreements for an additional 65 days to October 31, 2016 because the Trustee is engaged in efforts to market and sell the Debtor's North Carolina operation, including the MPL Property, as an entirety and that the sale of the MPL Property is an important part of his marketing and sale efforts.

18. The Trustee argues in his Motion that "good cause" exists to extend the present deadline to assume or reject the Agreements in order to permit the Trustee additional and sufficient time to continue to negotiate with prospective stalking horse bidders and determine whether the Agreements will be included in any proposed sale of the Debtor's assets.

19. The Trustee seeks to continue the Debtor's use and occupation of the MPL Property, while reserving all his rights, remedies and defenses with respect to the Agreements, to the detriment of MPL and without his full compliance with the payment terms of the Lease.

20. The Trustee further asserts that if for some reason the MPL Property is not included by him as part of the sale of the Debtor's assets to the prospective stalking horse bidder that the Trustee may still need to assume and assign the MPL Lease in order to effectively maximize the value of this estate's assets.

21. The Debtor is presently in arrears in payment of its pre and post petition obligations due under the Lease to MPL.

22. The Trustee filed POC # 138-2 asserting pre and post petition claims due MPL under the Lease and JM filed on behalf of MPL POC # 157-1 asserting pre and post petition claims due under the Lease.

23. The Trustee has not withdrawn his claim #138-2 or objected to Claim 157-1.

24. The Debtor has paid certain, but not all, the pre and post petition obligations due MPL under the terms of the Lease.

25. Bankruptcy Code §365(d)(3) compels the Trustee to perform all the obligations of the debtor arising from and after the order for relief under any unexpired lease of nonresidential real property until the lease is assumed or rejected, except those specified in §365(b)(2) relating to *ipso facto* clauses.

26. The Trustee has not requested and the Court has not entered any Orders excusing the Trustee's obligation to pay amounts due under the Lease to MPL while the

Court has provided the Trustee several extensions of time to assume or reject the Lease.

27. LP requests that as a condition to LP's consent to the Trustee's Motion that the Court's Order specifically set forth that it reserves any and all of LP's and MPL's rights, claims, remedies and defenses under the Agreements and with respect to any claims asserted by the Debtor and the Trustee against LP or MPL ("Reservation of Rights").

28. LP does not object to the Court entering a conditional Order granting the Trustee's request for an additional 65 day extension of time to assume or reject the MPL Lease and the MPL Partnership Agreement with said Reservation of Rights.

WHEREFORE, the Limited Partner respectfully requests that this Court grant its Limited Objection and enter an order approving the Trustee's Motion Extending the Deadline To Assume Or Reject the MPL Partnership Agreement and the MPL Lease until January 13, 2017 conditioned upon granting LP and MPL the Reservation of Rights.

James McCulloch, Limited Partner
By his attorney,

/s*/ Peter J. Furness*
Boyajian, Harrington, Richardson & Furness
182 Waterman Street
Providence, RI 02906
Tel. (401) 273-9600
Fax. (401) 273-9605
peter@bhrlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2016 I electronically filed the above Objection in the above captioned matter with the Clerk of the Bankruptcy Court for the District of Rhode Island using the CM/ECF System and all parties on the attached matrix will receive a copy of this document by first class mail postage pre paid or by electronic mail on October 21, 2016.

*/s/ Kristin D. Duarte*