UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| In re: | : | |
| | : | B.K. No.: 16-10154 |
| Microfibres, Inc. | : | |
|     Debtor. | : | |
| | : | |
| JOSEPH M. DIORIO, CHAPTER 7 | : | |
| TRUSTEE OF MICROFIBRES, INC., | : | |
|     Plaintiff | : | |
| | : | Adv. Pro. No.: 16- |
| v. | : | |
| | : | |
| COLONIAL LLC, | : | |
|     Defendant. | : | |

## **COMPLAINT**

Plaintiff, Joseph M. DiOrio, in his capacity as the Chapter 7 trustee ("Plaintiff") of Microfibres, Inc. (the "Debtor"), brings this action against Defendant, Colonial LLC ("Defendant"), to recover funds, pursuant to 11 U.S.C. §§ 541 and 542, and Bankruptcy Rule of Procedure 7001, seeking to recover funds owed to Debtor by Defendant for goods sold and delivered to Defendant by Debtor for which Defendant has failed and refused to pay, and the resulting unjust enrichment. Plaintiff seeks to recover $147,275.25 plus applicable interest, if any. In support thereof, Plaintiff states as follows:

### **PARTIES, JURISDICTION, and VENUE**

1. Plaintiff is the duly appointed Chapter 7 trustee of Debtor, and brings this adversary proceeding solely in his capacity as the Chapter 7 trustee.

2. Defendant, upon information and belief, is a limited liability company formed under the laws of the North Carolina having a registered office located at 300 North Main Street, Suite 400, High Point Bank Bldg, High Point, North Carolina 27260.

3.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C §§ 157.

4.  This adversary proceeding is a "non-core" proceeding.

5.  Venue in this Court is appropriate pursuant to 28 U.S.C. § 1409.

## FACTS
### Background

6.  On January 29, 2016 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, and on that date, the United States Trustee appointed Joseph M. DiOrio to act as the Chapter 7 trustee.

7.  Since approximately 1926, the Debtor has been engaged in the manufacture, processing, and sale of textiles. Until the Petition Date, it operated plants or maintained warehouses in Pawtucket, Rhode Island; Winston-Salem, North Carolina; and Tupelo, Mississippi. In addition, the Debtor maintained subsidiaries or affiliates in Belgium, Hong Kong, China, and Mexico.[1]

8.  Prior to the Petition Date, during the time period of January 19, 2016 and January 28, 2016, and during the course of the Debtor's business, the Debtor sold and delivered to the Defendant thousands of yards of fabric, such sales are evidenced by the following invoices (collectively, the "Invoices"). A true copy of each Invoice is attached as Exhibits 1 through 7:

   (i)  5,577 yards of fabric at the unit price of $5.15/yard was shipped on January 19, 2016 evidenced by invoice number 0200055278 in the total amount of $28,721.55;

---

[1] The Trustee has been advised that, on March 16, 2016, its two Belgian subsidiaries, Microfibres Europe, N.V. and Fabrics International, N.V., each filed for protection under the insolvency laws of Belgium. The Trustee has abandoned the Debtor's interest in its Mexico subsidiary, Microfibres Mexico, LLC [Doc. 206].

(ii) 4,392 yards of fabric at the unit price of $5.65/yard was picked up by the Defendant on January 21, 2016 evidenced by invoice number 0300150908 in the total amount of $24,814.80;

(iii) 6,585 yards of fabric at the unit price of $5.15/yard was shipped on January 27, 2016 evidenced by invoice number 0200055295 in the total amount of $33,912.75;

(iv) 4,453 yards of fabric at the unit price of $5.65/yard was picked up by the Defendant on January 28, 2016 evidenced by invoice number 0300151064 in the total amount of $25,159.45;

(v) 1,221 yards of fabric at the unit price of $5.65/yard was picked up by the Defendant on January 28, 2016 evidenced by invoice number 0300151067 in the total amount of $6,898.65;

(vi) 7,121 yards of fabric at the unit price of $5.15/yard was shipped on January 28, 2016 evidenced by invoice number 0200055340 in the total amount of $36,673.15. Defendant made a partial payment towards this invoice in the amount of $10,847.60 paid on January 26, 2016 by check numbered 71912; and

(vii) 259 yards of fabric at the unit price of $7.50/yard was picked up by the Defendant on January 28, 2016 evidenced by invoice number 0300151068 in the total amount of $1,942.50.

The Invoices are set forth below:

|      | **Invoice Number:** | **Amount:** |
| ---- | ------------------- | ----------- |
| (i)  | 0200055278          | $28,721.55  |
| (ii) | 0300150908          | $24,814.80  |

| | | |
|---|---|---|
| (iii) | 0200055295 | $33,912.75 |
| (iv) | 0300151064 | $25,159.45 |
| (v) | 0300151067 | $6,898.65 |
| (vi) | 0200055340 | $25,825.55 |
| (vii) | 0300151068 | $1,942.50 |
| | **Total:** | **$147,275.25** |

9. Defendant owes Debtor the aggregate outstanding balance of **$147,275.25** (such balance reflects the partial payment mentioned in subsection (vi)) for goods sold and delivered by the Debtor to Defendant.

10. The Invoices do not provide for the payment of interest or collections costs.

11. Prior to the commencement of this action, the Trustee has repeatedly contacted Defendant seeking payment of such sum from Defendant but Defendant refused, and still refuses, to make the payment.

12. To date, Defendant has not satisfied its outstanding balance owed to Debtor, despite repeated demands.

### COUNT I
### Turnover of Property to the Estate under 11 U.S.C. §§ 541 and 542(b)

13. Plaintiff incorporates by reference paragraphs 1 through 11 of its Complaint as if fully set forth herein.

14. 11 U.S.C. § 542(b) requires that all entities that owe a debt to Debtor, as of the Petition Date, that is both the property of the estate and is "matured, payable on demand, or payable on order," pay that debt to the Trustee. *See 11 U.S.C. § 542(b)*.

15. "A debt is considered to be 'matured or payable on demand' if it is one that is 'presently payable'." *See 5-542 Collier on Bankruptcy P 542.04*.

16. Debtor sold and delivered fabric to Defendant. The debt owed to Debtor by Defendant is presently payable

17. Defendant fails and refuses to pay Debtor for the fabric. Therefore, Defendant must be required to turnover payment in the amount of $147,275.25.

## COUNT II
### Unjust Enrichment

18. Plaintiff incorporates by reference paragraphs 1 through 17 of its Complaint into Count I as if fully set forth herein.

19. Debtor sold and delivered fabric to Defendant at the request of Defendant for the sole benefit of Defendant.

20. Defendant knowingly and personally benefited, directly and indirectly, from the fabric Debtor provided to Defendant.

21. Defendant accepted the benefit of the fabric with knowledge that the fabric was not gratuitously provided to it.

22. Despite repeated requests. Defendant has failed and refused to pay for the fabric.

23. Defendant will be unjustly enriched if Debtor is not paid for the fabric.

24. Defendant is liable to the Debtor for unjust enrichment and Debtor must be required to recover the value of the fabric from Defendant in an amount not less than $147,275.25.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(i) Enter judgment in favor of Plaintiff and against Defendant for compensatory damages in the amount of **$147,275.25** under Counts I and II;

(ii) Award Plaintiff pre-judgment interest at the maximum legal rate running from the due date set forth on each invoice;

(iii) Award post-judgment interest at the maximum legal rate from the date of judgment until the judgment is paid in full, with costs;

(iv) Disallow, in accordance with 11 U.S.C. § 502, any claims held by the Defendant and/or its assignee until Defendant satisfies the judgment in full;

(v) Require the Defendant to pay forthwith the full judgment amount awarded in favor of the Plaintiff; and

(vi) Grant any other such relief as this Court deems just and equitable.

Respectfully submitted:
JOSEPH M. DIORIO, CHAPTER 7
TRUSTEE OF MICROFIBRES, INC.,
By his Attorneys,

*/s/ Kristen Forbes Cuddy*
Kristen Forbes Cuddy, Esq. (#8148)
Joseph M. DiOrio, Esq. (#2616)
Law Office of Joseph M. DiOrio, Inc.
144 Westminster Street, Suite 302
Providence, Rhode Island 02903
(401) 632-0911 / Fax: (401) 632-0751
klforbes@dioriolaw.com
jmdiorio@dioriolaw.com

Dated: November 17, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2016, I electronically filed the foregoing document in the above-captioned matter with the Clerk of the Bankruptcy Court for the District of Rhode Island using the CM/ECF system. CM/ECF participants will receive notice electronically. The document was sent by first-class mail, postage prepaid, to the following non CM/ECF participants:

Colonial, LLC
300 N. Main Street
Ste 400 High Point Bank Bldg
High Point, NC 27260

Colonial, LLC
PO Box 148
High Point, NC 27261

Colonial, LLC
536 Townsend Avenue
High Point, NC 27268

Colonial, LLC
PO Box 2608
High Point, NC 27261

*/s/ Kristen Forbes Cuddy*