UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

In re:
    MICROFIBRES, INC.                              Chapter 7
    Debtors                                        Bk. No. 16-10154

## LIMITED OBJECTION BY LIMITED PARTNER OF MPL TO THE TRUSTEE'S PROPOSED SALE

James McCulloch, in his capacity as the limited partner ("LP") of Microfibres Partnership Ltd. ("MPL"), by and through his undersigned counsel, hereby files this Limited Objection to the Trustee's Motion for Entry of Order Approving Sale ("Motion") and in support of LP's Objection he respectfully states:

## PRELIMINARY STATEMENT

1. Joseph M. DiOrio, the duly appointed Chapter 7 Trustee (the "Trustee") of Microfibres, Inc. (the "Debtor"), seeks entry of an order authorizing and approving (I) the sale (the "Sale"), free and clear of all liens, claims, interests, and other encumbrances, of the Debtor's "Debtor's Assets" and the MPL assets (real estate, machinery and equipment) ("MPL Assets") as both are further defined in the Asset Purchase Agreement (hereafter collectively at times the "Acquired Assets") to the Successful Bidder ("Buyer"), pursuant to the terms and conditions of the Agreement, as modified; (II) the assumption and assignment of certain executory contracts and unexpired leases to the Buyer; and (III) the Trustee's consummation of the transactions contemplated in the Agreement.

2. The Debtor's Assets include, *inter alia,* the following: real estate in Pawtucket, Rhode Island, Winston Salem, North Carolina and Tupelo, Mississippi; machinery and equipment used in the textile industry; office equipment, including hardware and

software; finished and unfinished (work-in-process) goods, raw material, and inventory; accounts receivable; general intangibles; intellectual property; executory contracts; intellectual property, licenses, certain claims against 3rd parties including claims against the Buyers affiliate, permits; and vehicles.

3. The Trustee's Motion proposes to sell both the Debtor's Assets, and in his capacity as general partner of MPL, all of the MPL Assets, <u>not owned</u> by the Debtor.

4. The Winston-Salem manufacturing facility is comprised of fifteen buildings totaling approximately 300,000 square feet on 10.2 acres of land.

5. One of the buildings at the Winston-Salem facility, identified as 3811 Kimwell Drive, is owned by MPL ("MPL Property").

6. MPL is a North Carolina limited partnership of which the Debtor is the sole general partner holding a 10% interest. James R. McCulloch, is the sole limited partner holding a 90% interest.

7. The Trustee elected to remain the general partner subsequent to the Chapter 7 filing.

8. The MPL Property is approximately 219,950 square feet, was leased to the Debtor and serves as the main manufacturing plant used by the Debtor.

9. The MPL Property is physically connected to the Debtor's manufacturing/warehouse facility.

## PROPOSED SALE

10. The Trustee has received an Asset Purchase Agreement dated November 28, 2016 (the "APA" or "Agreement") from Tukek Holding Anonim Sirketi, a corporation organized and existing under the laws of the Republic of Turkey ("Tukek"), to acquire substantially all of the assets of the Debtor and the MPL Property.

11. Tukek proposes to acquire substantially all of the assets of the Debtor and the MPL Assets as set forth in the Agreement for a purchase price of $5,790,000.00 on the terms and conditions set forth in the Agreement (the "Sale").

    A. **The Agreement**

The essential terms of the Agreement include the following:

Sellers:   Joseph M. DiOrio, Chapter 7 Trustee of the Debtor
           Joseph M. DiOrio, Chapter 7 Trustee, as General Partner of MPL

Buyer:   Tukek Holding Anonim Sirketi

Sale Price:   $5,790,000.00 for the Acquired Assets, of which approximately $1,800,000.00 is allocated to the MPL Assets.

*Subject to higher and better offers and Court approval.

## LIMITED OBJECTION

12. This Court must determine whether the sale of the Debtor's and MPL's assets are in the best interests of the Debtors' estate. *See In re Planned System, Inc.,* 82 B.R. 919, 923 (Bankr. S.D. Ohio 1988); *In re Borne Chemical Co.,* 54 B.R. 126, 131 (Bankr. D.N.J. 1984); *see also in re WBQ P'ship v. Va Dept of Medical Assistance Servs. (In re WBQ P'Ship),* 189 B.R. 97, 102 (Bankr. E.D. Va. 1995).

13. On November 27, 2016, CBRE issued a written appraisal of the MPL Property to LP and valued the MPL Property at $2.2 million.

14. Additionally, MPL owns certain personal property including, *inter alia*, equipment, machinery, including flock ranges and other personal property located at the MPL Property.

15. The Motion apportions the Sale Price for the MPL Assets at $1.8 million; however,

LP's asserts that the MPL Property alone (not including the personal property to be included in this Sale) should be valued at a minimum of $2.2 million, pursuant to LP's expert's opinion of value.

16. Trustee asserts in the Sales Motion that the Sale is in the "best interests of all stakeholders". This Court cannot reach that conclusion without requiring the Trustee to prove the reasonable basis for his valuation of the Acquired Assets and the MPL Assets and explaining his formula for the apportionment of the Sale Price between the Debtor's Assets and the MPL Assets.

17. The Trustee's establishment of the apportionment of the Sales Price between Debtor and MPL creates an inherent conflict of interest for the Trustee as he is wearing two fiduciary hats (as general partner of MPL and as Trustee), each vying for maximum distribution from the Sale Price.

18. Full disclosure as to Trustee's efforts to protect the interests of MPL and the Debtor must be ascertained and the Sale price be reapportioned before the Sale can be approved by the Court as reasonable and fair to all parties.

19. The Trustee has informed LP he intends to surcharge MPL with certain Sale and other costs ("Costs") but the Trustee has failed to provide LP with specifics as to the amount of said surcharged Costs making it impossible for LP to determine whether the proposed Sale is in LP's best interest, is fair and or reasonable.

20. The Trustee hasn't disclosed to LP or the Court what the net proceeds to MPL will be under the Sale Price, or will be as a result of a higher and better offer approved by the Court, making it impossible to determine whether the Sale Price is fair, reasonable and in the best interests of LP or MPL.

21. The Sale Price apportionment indicated in the Motion is illusory. The apportionment includes a number of variables that cannot be adequately determined without a thorough disclosure by the Trustee of the valuation of the Debtor's and MPL's Assets and the intended surcharged Costs to be made to each entity.

22. Pursuant to Order, Trustee is accepting counter offers to the Motion through 2/2/17 at noon, which is the same time set for the deadline for LP and others to file written objections to the Sale.

23. LP is not on the designated list to receive copies of timely made counteroffers.

24. Subsequent to the receipt of timely made counteroffers, if any, Trustee will make a recommendation to the Court, based upon his business judgment, regarding which offer to proceed with for Court approval. At the time of the recommendation to the Court, LP will be time barred from raising any valid objections to a counter proposal or Trustee's recommendation to the Court.

25. LP requests the Court provide LP a reasonable opportunity to review and assert objections, if warranted, to any counteroffers timely received, counterbid recommendations made by the Trustee to the Court or to any subsequent changes made to the original Sale offer by the Trustee, prior to the Sale hearing date.

## RESERVATION OF RIGHTS

26. LP reserves all of rights to supplement this Limited Objection and to object to any counteroffers timely made to the Trustee and recommended by the Trustee to the Court for approval.

## CONCLUSION

WHEREFORE, based upon the foregoing Limited Objection, the LP respectfully objects on a limited basis to the relief requested in the Motion and for such other and further relief as is just and proper.

Respectfully Submitted,
James McCulloch, Limited Partner
By his attorney,

/s/ *Peter J. Furness*
Richardson, Harrington & Furness
182 Waterman Street
Providence, RI 02906
Tel. (401) 273-9600
Peter@RHF-LawRI.com

## CERTIFICATION

I hereby certify that on February 2, 2017, a copy of the within Objection was electronically mailed to the ECF participants.

/s/ Kristen Oscarson