EXHIBIT A

MAR-31 '17 PM12:04

To whom it may consern:                                    Date: 3/30/17

Dear Sir/Madam

I'm writing in response to the letter in refference to
Bk. No. 16-10154 Chapter 7 A.P.No. 16-01002
the proposed Settlement is unfair and inadequate.
According to the article from Winston Salem Journal by Richard Craver
on January 16, 2016
We should be entitled to the claim status of 12,745 per employee.
Under the WARN Act I am entitled to at least 60 days of wages and benefits
I was earning $ 14.97 an hour times 8 hours times 60 days plus
benefits which is grater than the projected
pre-tax dollar amount which I would receive under the current offer of $ 3,905.83

Name: OLU ADEMEGAN
Address: 26 CARLETON STR.
City: PROVIDENCE    State: R.I.    Zipcode: 02908
Phone Number: (401)263-0300

Contact me via my phc

http://www.journalnow.com/business/business_news/local/settlement-reached-in-microfibres-warn-act-lawsuit/article_1564af09-60e9-5d4a-8082-3d74f89d509d.html

# Settlement reached in Microfibres WARN Act lawsuit

By Richard Craver Winston-Salem Journal    Jan 16, 2017

*A settlement has been reached in the WARN Act compensation dispute between defunct Microfibres Inc. and plaintiffs certified for a class-action lawsuit.

The settlement was disclosed Friday, eight days after the case appeared headed to alternative dispute resolution.

Bankruptcy trustee Joseph DiOrio said the parties expect to file the settlement with the bankruptcy court this week.

Microfibres, based in Pawtucket, R.I., filed for Chapter 7 voluntary bankruptcy protection in January 2016 with plans to liquidate its assets — the same day it closed its Winston-Salem and Pawtucket plants.

The local workforce was at 270 employees in 2004. About 125 employees in Winston-Salem and 60 in Pawtucket were projected to be covered by Worker Adjustment and Retraining Notification, or WARN, protections.

The plaintiffs are requesting at least $1.5 million in damages and priority administrative claim status for the first $12,745 of each employees' claim, meaning they typically would be first in line after secured creditors are paid.

The act was enacted in 1989 with the intent of preventing situations in which rank-and-file employees show up for work only to discover that their employer has shut down without notice.

The act does this by requiring companies that are planning large job cuts — defined as more than 50 employees — to notify their state and local governments, as well as affected workers, at least 60 days in advance.

The act provides certain benefits to laid-off workers, such as 60 days of pay and benefit contributions if the closing is immediate, and access to COBRA insurance benefits for 60 days.

However, the U.S. Labor Department has no authority to enforce WARN regulations, hear employee complaints, investigate potential wrongdoing or file lawsuits representing employees. Employees must file a lawsuit in federal court to assert WARN rights.

On Aug. 24, a federal judge certified the class-action lawsuit with a local former employee, Cedric Williams, serving as lead plaintiff.

DiOrio had asked the judge to dismiss the lawsuit, claiming the company is not financially liable to the workforce "because it was a faltering business when it ceased operations." DiOrio said Microfibres acted in good faith toward its employees, including paying them "in full for compensation they were owed."

The former local Microfibres facilities may have a new owner Feb. 8.

Up for sale is 473,000 square feet of space that includes five buildings on 25 acres. Two building are on the main manufacturing site at 3821 Kimwell Drive. The other local properties are at 3760, 3803 and 3811 Kimwell.

DiOrio received on Nov. 28 an asset purchase offer of $5.79 million from Tukek Holding Anonim Sikreti, based in Turkey. Tukek was identified as the owner of Flokser Inc., and a "strategic buyer" in the international textile sector.

Bankruptcy judge Diane Finkle approved the proposed offer Dec. 29. Objections to the sale must be filed by Feb. 2.

Raul Gonzalez
270 Manton Ave.
Providence, RI 02909

7015 0920 0001 0761 2904

**CERTIFIED MAIL**

Mary E. Olsen, The Gardner Firm, P.C
210 S. Washington Avenue
Mobile, Alabama 36602



1000

36602

U.S. POSTAGE
PAID
PROVIDENCE, RI
02909
MAR 24, 17
AMOUNT
$6.59
R2305K132525-08

To whom it may consern:                                    23-Mar-17

Dear Sir/Madam

I'm writing in response to the letter in refference to
Bk. No. 16-10154 Chapter 7 A.P.No. 16-01002
the proposed Settlement is unfair and inadequate.
According to the article from Winston Salem Journal by Richard Craver
on January 16, 2016
We should be entitled to the claim status of 12,745 per employee.
Under the WARN Act I am entitled to at least 60 days of wages and benefits
I was earning $13.89 an hour times 8 hours times 60 days plus
benefits which is grater than the projected
pre-tax dollar amount which I would receive under the current offer of $ 3,624.96

*Raul Gonzalez*       3/23/2017
Raul Gonzlez
270 Manton Ave.
Providence, RI 02909
(401)640-5249          Contact me via my phone.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

---

In re: MICROFIBRES, INC.

      Bk. No. 16-10154
      Chapter 7

CEDRIC WILLIAMS, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

      A.P. No.16-01002

MICROFIBRES, INC.,

    Debtor.

---

## NOTICE TO CLASS OF
## (I) PROPOSED SETTLEMENT OF CLASS ACTION CONCERNING WARN ACT CLAIMS; (II) DATE OF COURT HEARING FOR FINAL APPROVAL OF PROPOSED WARN ACT SETTLEMENT, AND (III) RIGHT TO OBJECT TO THE SETTLEMENT AND TO APPEAR AT COURT HEARING

TO:    All former employees of the Debtor who worked at or reported to either of the facilities located at 1 Moshassuck Street, Pawtucket, RI 02860 (the "RI Facility"); or at 3821 Kimwell Drive, Winston-Salem NC 27114 (the "NC Facility") (collectively the "Facilities") and were terminated, without cause on their part, on or about January 28, 2016, within thirty days of that date or thereafter, as part of, or as the reasonably expected consequence of, the plant closings ordered by the Debtor on or about January 28, 2016, who did not file a timely request to opt-out of the class.

SUBJECT:    The proposed settlement of a lawsuit to recover 60 days' wages and benefits for each class member under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 - 2109 (the "WARN Act").

DATE: March 15, 2017

### INTRODUCTION

There is currently pending in the United States Bankruptcy Court for the District of Rhode Island (the "Bankruptcy Court") the above-captioned adversary proceeding (the "WARN Action") brought under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 et seq., (the "WARN Act"). The Plaintiff Cedric Williams listed above in the caption (the "Plaintiff" or "Class Representative") on the one hand, and Joseph M. DiOrio, the Chapter 7 trustee (the "Trustee") of Microfibres, Inc. ("Microfibres" or the "Debtor"), have reached a proposed settlement of the WARN Action (the "Settlement") under which the benefits described below will be provided to the members of the Class. The claims set forth in the WARN Action were disputed by the Trustee on behalf of the Debtor's Estate. However, the parties participated in a mediation and were able to negotiate in good faith the proposed Settlement, which all parties, including Class Counsel (defined below), believe is fair and reasonable under the circumstances.

This Notice constitutes notice to the Class of (a) the proposed Settlement of the WARN Action; (b) a description of the proposed Settlement; (c) the date of the Bankruptcy Court hearing for final approval of the Settlement; and (d) the right of each member of the Class to object to the Settlement, and to appear at the hearing at which the Bankruptcy Court will consider the final approval of the Settlement.

Unless otherwise defined herein, capitalized terms shall have the meanings given to them in the Joint Motion of the Trustee and the Class Representative for approval of the Settlement and the Joint Memorandum of Law filed in support thereof.

## **EXHIBIT A**

Raul Gonzalez
270 Manton Ave
Providence, RI 02909

| Projected Pre-tax dollar amount which you would receive under the Settlement | $3,624.96 |
|---|---|

http://www.journalnow.com/business/business_news/local/settlement-reached-in-microfibres-warn-act-lawsuit/article_1564af09-60e9-5d4a-8082-3d74f89d509d.html

# Settlement reached in Microfibres WARN Act lawsuit

By Richard Craver Winston-Salem Journal        Jan 16, 2017

*A settlement has been reached in the WARN Act compensation dispute between defunct Microfibres Inc. and plaintiffs certified for a class-action lawsuit.

The settlement was disclosed Friday, eight days after the case appeared headed to alternative dispute resolution.

Bankruptcy trustee Joseph DiOrio said the parties expect to file the settlement with the bankruptcy court this week.

Microfibres, based in Pawtucket, R.I., filed for Chapter 7 voluntary bankruptcy protection in January 2016 with plans to liquidate its assets — the same day it closed its Winston-Salem and Pawtucket plants.

The local workforce was at 270 employees in 2004. About 125 employees in Winston-Salem and 60 in Pawtucket were projected to be covered by Worker Adjustment and Retraining Notification, or WARN, protections.

The plaintiffs are requesting at least $1.5 million in damages and priority administrative claim status for the first $12,745 of each employees' claim, meaning they typically would be first in line after secured creditors are paid.

The act was enacted in 1989 with the intent of preventing situations in which rank-and-file employees show up for work only to discover that their employer has shut down without notice.

The act does this by requiring companies that are planning large job cuts — defined as more than 50 employees — to notify their state and local governments, as well as affected workers, at least 60 days in advance.

The act provides certain benefits to laid-off workers, such as 60 days of pay and benefit contributions if the closing is immediate, and access to COBRA insurance benefits for 60 days.

However, the U.S. Labor Department has no authority to enforce WARN regulations, hear employee complaints, investigate potential wrongdoing or file lawsuits representing employees. Employees must file a lawsuit in federal court to assert WARN rights.

On Aug. 24, a federal judge certified the class-action lawsuit with a local former employee, Cedric Williams, serving as lead plaintiff.

DiOrio had asked the judge to dismiss the lawsuit, claiming the company is not financially liable to the workforce "because it was a faltering business when it ceased operations." DiOrio said Microfibres acted in good faith toward its employees, including paying them "in full for compensation they were owed."

The former local Microfibres facilities may have a new owner Feb. 8.

Up for sale is 473,000 square feet of space that includes five buildings on 25 acres. Two building are on the main manufacturing site at 3821 Kimwell Drive. The other local properties are at 3760, 3803 and 3811 Kimwell.

DiOrio received on Nov. 28 an asset purchase offer of $5.79 million from Tukek Holding Anonim Sikreti, based in Turkey. Tukek was identified as the owner of Flokser Inc., and a "strategic buyer" in the international textile sector.

Bankruptcy judge Diane Finkle approved the proposed offer Dec. 29. Objections to the sale must be filed by Feb. 2.

Samir Doumato
90 Oakland Ave.
Pawtucket, RI 02861

7015 0920 0001 0761 2874

CERTIFIED MAIL

Mary E. Olsen, The Gardner Firm, P.C
210 S. Washington Avenue
Mobile, Alabama 36602



1000



36602

U.S. POSTAGE
PAID
PAWTUCKET, RI
02861
MAR 23 17
AMOUNT
$6.59
R2305H131075-08

To whom it may consern:                                      23-Mar-17

Dear Sir/Madam

I'm writing in response to the letter in refference to
Bk. No. 16-10154 Chapter 7 A.P.No. 16-01002
the proposed Settlement is unfair and inadequate.
According to the article from Winston Salem Journal by Richard Craver
on January 16, 2016
We should be entitled to the claim status of 12,745 per employee.
Under the WARN Act I am entitled to at least 60 days of wages and benefits
I was earning $15.05 an hour times 8 hours times 60 days plus
benefits which is grater than the projected
pre-tax dollar amount which I would receive under the current offer of $ 3,919.96

*[signature]*

Samir Doumato        3/23/2017
90 Oakland Ave.
Pawtucket, RI 02861
(401)500-5141        Please contact me via my phone number.

## EXHIBIT A

Samir Doumato
90 Oakland Ave
Pawtucket, RI 02861

| Projected Pre-tax dollar amount which you would receive under the Settlement | $3,919.96 |
|---|---|

http://www.journalnow.com/business/business_news/local/settlement-reached-in-microfibres-warn-act-lawsuit/article_1564af09-60e9-5d4a-8082-3d74f89d509d.html

# Settlement reached in Microfibres WARN Act lawsuit

By Richard Craver Winston-Salem Journal       Jan 16, 2017

*A settlement has been reached in the WARN Act compensation dispute between defunct Microfibres Inc. and plaintiffs certified for a class-action lawsuit.

The settlement was disclosed Friday, eight days after the case appeared headed to alternative dispute resolution.

Bankruptcy trustee Joseph DiOrio said the parties expect to file the settlement with the bankruptcy court this week.

Microfibres, based in Pawtucket, R.I., filed for Chapter 7 voluntary bankruptcy protection in January 2016 with plans to liquidate its assets — the same day it closed its Winston-Salem and Pawtucket plants.

The local workforce was at 270 employees in 2004. About 125 employees in Winston-Salem and 60 in Pawtucket were projected to be covered by Worker Adjustment and Retraining Notification, or WARN, protections.

The plaintiffs are requesting at least $1.5 million in damages and priority administrative claim status for the first $12,745 of each employees' claim, meaning they typically would be first in line after secured creditors are paid.

The act was enacted in 1989 with the intent of preventing situations in which rank-and-file employees show up for work only to discover that their employer has shut down without notice.

The act does this by requiring companies that are planning large job cuts — defined as more than 50 employees — to notify their state and local governments, as well as affected workers, at least 60 days in advance.

The act provides certain benefits to laid-off workers, such as 60 days of pay and benefit contributions if the closing is immediate, and access to COBRA insurance benefits for 60 days.

However, the U.S. Labor Department has no authority to enforce WARN regulations, hear employee complaints, investigate potential wrongdoing or file lawsuits representing employees. Employees must file a lawsuit in federal court to assert WARN rights.

On Aug. 24, a federal judge certified the class-action lawsuit with a local former employee, Cedric Williams, serving as lead plaintiff.

DiOrio had asked the judge to dismiss the lawsuit, claiming the company is not financially liable to the workforce "because it was a faltering business when it ceased operations." DiOrio said Microfibres acted in good faith toward its employees, including paying them "in full for compensation they were owed."

The former local Microfibres facilities may have a new owner Feb. 8.

Up for sale is 473,000 square feet of space that includes five buildings on 25 acres. Two building are on the main manufacturing site at 3821 Kimwell Drive. The other local properties are at 3760, 3803 and 3811 Kimwell.

DiOrio received on Nov. 28 an asset purchase offer of $5.79 million from Tukek Holding Anonim Sikreti, based in Turkey. Tukek was identified as the owner of Flokser Inc., and a "strategic buyer" in the international textile sector.

Bankruptcy judge Diane Finkle approved the proposed offer Dec. 29. Objections to the sale must be filed by Feb. 2.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

---------------------------------------x
In re: MICROFIBRES, INC.                :   Bk. No. 16-10154
                                        :   Chapter 7
                                        :
CEDRIC WILLIAMS, on behalf of himself and all :
others similarly situated,              :
                                        :
            Plaintiff,                  :
                                        :
v.                                      :   A.P. No. 16-01002
                                        :
MICROFIBRES, INC.,                      :
                                        :
            Debtor.                     :
---------------------------------------x

### NOTICE TO CLASS OF
### (I) PROPOSED SETTLEMENT OF CLASS ACTION CONCERNING WARN ACT CLAIMS; (II) DATE OF COURT HEARING FOR FINAL APPROVAL OF PROPOSED WARN ACT SETTLEMENT, AND (III) RIGHT TO OBJECT TO THE SETTLEMENT AND TO APPEAR AT COURT HEARING

TO:  All former employees of the Debtor who worked at or reported to either of the facilities located at 1 Moshassuck Street, Pawtucket, RI 02860 (the "RI Facility"); or at 3821 Kimwell Drive, Winston-Salem NC 27114 (the "NC Facility") (collectively the "Facilities") and were terminated, without cause on their part, on or about January 28, 2016, within thirty days of that date or thereafter, as part of, or as the reasonably expected consequence of, the plant closings ordered by the Debtor on or about January 28, 2016, who did not file a timely request to opt-out of the class.

SUBJECT:  The proposed settlement of a lawsuit to recover 60 days' wages and benefits for each class member under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 - 2109 (the "WARN Act").

DATE:  March 15, 2017

### INTRODUCTION

There is currently pending in the United States Bankruptcy Court for the District of Rhode Island (the "Bankruptcy Court") the above-captioned adversary proceeding (the "WARN Action") brought under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 et seq., (the "WARN Act"). The Plaintiff Cedric Williams listed above in the caption (the "Plaintiff" or "Class Representative") on the one hand, and Joseph M. DiOrio, the Chapter 7 trustee (the "Trustee") of Microfibres, Inc. ("Microfibres" or the "Debtor"), have reached a proposed settlement of the WARN Action (the "Settlement") under which the benefits described below will be provided to the members of the Class. The claims set forth in the WARN Action were disputed by the Trustee on behalf of the Debtor's Estate. However, the parties participated in a mediation and were able to negotiate in good faith the proposed Settlement, which all parties, including Class Counsel (defined below), believe is fair and reasonable under the circumstances.

This Notice constitutes notice to the Class of (a) the proposed Settlement of the WARN Action; (b) a description of the proposed Settlement; (c) the date of the Bankruptcy Court hearing for final approval of the Settlement; and (d) the right of each member of the Class to object to the Settlement, and to appear at the hearing at which the Bankruptcy Court will consider the final approval of the Settlement.

Unless otherwise defined herein, capitalized terms shall have the meanings given to them in the Joint Motion of the Trustee and the Class Representative for approval of the Settlement and the Joint Memorandum of Law filed in support thereof.